UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN - BAY CITY

In Re:
Dome Corporation of North America
dba Enviro-Tech Structures Corporation         Case No. 20-20759-dob
5450 East Street                                Chapter 7 Proceeding
Saginaw, MI 48601                               Hon. Daniel S. Opperman
Tax ID / EIN: 16-1224042

Debtor.
_____/

## MOTION FOR APPROVAL OF SETTLEMENT

Now comes Randall L. Frank, Chapter 7 Trustee, by his counsel and states:

1. Dome Corporation of North America ("Debtor") filed a voluntary Chapter 7 petition on April 24, 2020.

2. Randall L. Frank ("Trustee") was appointed as Chapter 7 Trustee and remains Trustee.

3. Fifth Third Bank ("Bank") is a creditor of the Debtor.

4. Trustee and Bank have entered into a settlement under which the Trustee proposes to distribute $2,827.57 to the Bank in settlement of its claims to hold a security interest on money recovered by the Bank in the amount of $5,655.14.

5. The full scope of the settlement is set forth in the attached Stipulation for Settlement with Fifth Third Bank (Exhibit "A").

6. The factors generally considered by a trustee in settling a case are as follows:

   a. Probability of success.

   b. Difficulties, if any, to be encountered in collection.

   c. Complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it.

   d. The paramount interest of the creditors and a deference to the view of the creditors.

7. Trustee believes that this settlement meets the appropriate standards for approval.

8. The amount in question is a small amount that does not warrant extensive research or legal action.

9. The Trustee and Bank acknowledge that Bank was not aware that the Trustee had received the amount in question at the time of the prior settlement between Trustee and Bank and that because of that, this amount was not part of the prior settlement agreement reached between Trustee and Bank.

10. The Court could view the dispute over whether Trustee or Bank is entitled to the disputed funds as going entirely in favor of the Bank or entirely in favor of Trustee, in which case a settlement that splits the disputed funds is reasonable.

11. Trustee desires to resolve this matter without any significant legal expenses due to the small amount at issue.

12. Trustee believes the settlement is reasonable and requests the Court approve the settlement.

WHEREFORE, Trustee requests this Court approve the settlement between Trustee and Bank and grant such other relief as is just.

SMITH, MARTIN, POWERS & KNIER, P.C.

Dated: 9/14/20    By: _____
Henry L. Knier, Jr. (P46393)
Attorney for Chapter 7 Trustee
P.O. Box 219
Bay City, MI 48707 - (989) 892-3924
Hknier@smpklaw.com